HANS J. LILJEBERG, Judge.
| .¿Plaintiff, Chris Yount, appeals the trial court’s judgment granting the, special motion to strike filed by defendant, Jack Truitt, and dismissing Mr. Yount’s claims against Mr. Truitt. For the following reasons, we reverse the trial court’s ruling and remand this matter for further proceedings.

FACTS AND PROCEDURAL HISTORY

On May 28, 2015, this Court rendered an opinion in this litigation, addressing a special motion to strike filed by co-defendant, Douglas Handshoe. Yount v. Handshoe, et al., 14-919 (La.App. 5 Cir. 5/28/15), 171 So.3d 381. In that opinion, the relevant factual background in this matter was set forth as follows:
This defamation and invasion of privacy case arises from a series of posts and comments authored by Mr. Handshoe and codefendant Jack E. Truitt on worn. slabbed.org,- an internet-website owned and operated’ by Mr. Handshoe and his company, New Slabbed Media, LLC, which- reports information on various private and public individuals, entities, and- events in -the Gulf South region, including southeastern Louisiana and New Orleans. Mr. Yount is a paralegal and process server who had served Mr. Handshoe process in other defamation suits unrelated to the instant case. (Footnote omitted).
On February 13, 2014, Mr. Handshoe published on www.slabbed.org a pornographic drawing authored by Mr., Yount’s 13-year-old son that had previously been filed with the court as part of Mr. Yount’s divorce proceedings in the 24th Judicial District Court. Captions and comments authored by Mr. Hand-shoe and Mr. Truitt ^underneath the drawing described its graphic nature and clearly identified the author as a minor child and the divorce proceedings in which he was involved.
Subsequent to this initial publication, the trial judge overseeing the divorce proceedings sealed parts of the record, including the pornographic drawing, and ordered the drawing removed from the internet. Notice of copyright infringement pursuant to the Digital Millennium Copyright Act was sent to the webhost of www.slabbed.org, who also provided Mr. Handshoe with a copy of the trial court’s order. On February 18, 2014, *858 the blog post containing the drawing as well as the www.slabbed.org website was taken down by the webhost in response to the copyright infringement notice and violations of the webhost’s terms of service. Mr. Handshoe subsequently found a new webhost, brought the website back online, and republished the posts containing the pornographic drawing. On at least two separate occasions in February and March of 2014 after the evidence had been placed under seal by the court, Mr. Handshoe authored additional posts where he published the drawing together with comments ■ that clearly identified the minor child author and his father.
Yount, 14-919 at 2-3, 171 So.3d at 383-384.
On March 20, 2014, Mr. Yount filed a petition for injunctive relief and damages against Douglas Handshoe, Slabbed.org, Slabbed New Media, L.L.C., and Jack Truitt, alleging defamation, intentional infliction of emotional distress, invasion of privacy, and cyberstalking. On May 28, 2014, Mr. Handshoe filed a special motion to strike pursuant to La. C.C.P. art. 971, asserting that this lawsuit is a “Strategic Lawsuit Against Public Participation,” commonly referred to as a “SLAPP” suit, which is designed to silence journalistic inquiry and to “chill” speech about public issues. Mr. Handshoe argued that his blog posts were substantially true or based on reasonable opinion, and that his comments were protected by his constitutional right to freedom of speech. He asserted that Mr. Yount’s'defamation claims against him should be dismissed pursuant' to Louisiana’s anti-SLAPP law, La. C.C.P. art. 971, which was enacted as a procedural device to be used in early stages of litigation to screen out meritless 1 ¿claims designed to chill the valid exercise' of the constitutionally protected rights of freedom of speech and petition for redress of grievances.
On July 28, 2014, the trial court held a hearing on Mr. Handshoe’s special motion to strike. The trial court found that Mr. Handshoe’s blog posts and/or comments constituted acts in furtherance of his right of petition or free speech under the United States or Louisiana Constitutions in connection with a public issue, which are protected under La. C.C.P. art. 971, because they were written statements made in connection with an issue under consideration by a judicial body, as provided in La. C.C.P. art. 971(F)(1)(b). The trial court rendered a judgment granting Mr. Hand-shoe’s special motion to strike, dismissing Mr. Yount’s claims against him with prejudice, and ordering Mr. Yount to pay reasonable attorney fees and costs. Mr. Yount filed an appeal from that judgment.
On August 6, 2014, which was after Mr. Handshoe’s special motion to strike was granted but before Mr. Yount’s appeal of that judgment was decided, Mr. Truitt, defendant herein, filed ■ an “Article 971 Special Motion to Strike,” asserting that he was entitled to dismissal of Mr. Yount’s claims against him for the same reasons that the claims against Mr. Handshoe were dismissed. Like Mr. Handshoe, Mr.' Truitt argued that the statements complained of by Mr. Yount were clearly acts in furtherance of the right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue, which are protected under La. C.C.P. art. 971.
On March 30, 2015, while Mr. Yount’s appeal from the judgment granting Mr. Handshoe’s special motion to strike was still pending in this Court, the trial judge held a hearing on Mr. Truitt’s special motion to, strike. At this hearing, Mr. Truitt argued that the trial judge' should grant his special motion to strike “for the same *859 reasons that [he] granted Mr. Handshoe’s motion.” After considering the | ^arguments presented by each party, the trial judge granted Mr. Truitt’s--special motion to strike and dismissed Mr: Yount’s claims against him'at Mr. Yount’s costs. On April 13, 2015, the trial judge signed a written judgment to that effect, and on April 29, 2015, Mr. Yount filed a Motion for Appeal, which was granted by the trial judge.
Shortly thereafter, on May 28, 2015, this Court issued an opinion, reversing the trial court’s judgment on Mr. Handshoe’s special motion to strike, denying Mr. Hand-shoe’s special motion to strike, and awarding reasonable attorney fees and costs to Mr. Yount, to be determined by the trial court on remand. Yount, 14-919 at 14,171 So.3d at 390. We now consider Mr. Yount’s appeal of the trial court’s judgment granting Mr. Truitt’s special motion to strike.

LAW AND DISCUSSION

La. C.C.P. art. 971 provides, in pertinent part, as follows:
A. (1) A cause of action against a person arising from any act of that’ person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
[[Image here]]
F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:
(1) “Act in furtherance of a person’s right of petition or free speech under the United Stated or Louisiana Constitution in connection with a public issue” includes but is not lim-itedt'o:
(a) Any written or oral statement or writing made before a legislative, executive, or judicial-proceeding, or any other ■ official proceeding authorized by law.
(b)"Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.
Lie) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.
(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.
‡ * , ⅜
On appeal, Mr. Yount contends that the trial court erred by granting Mr. Truitt’s special motion to strike. He asserts that the provisions of La. C.C.P. art. 971 do not apply in this matter,-because Mr. Yoünt is not a public person and- his domestic case does not involve any issues of public interest. He further argues-that because this Court has already addressed this identical issue in this litigation, this Court must follow .its previous ruling and. reverse the trial court’s, judgment granting Mr. Truitt’s special motion to strike. -
Mi. Truitt responds that the trial court did not err by granting his special motion to strike, because his comment/question at issue pertained to' Mr.'Yount’s divorce case, which was a matter pending before a judicial body. Thus, he contends that the *860 claims against him were properly dismissed on his special motion to strike, pursuant to La. C.C.P. art. 971(F)(1)(b). He further argues that the petition filed by Mr. Yount does not state a cause of action against him and. that Mr. Yount cannot meet his- burden of proof in this case. Thus, he claims that Mr. Yount cannot establish a probability of success on his claims against Mr. Truitt.
In our opinion addressing Mr, Hand-shoe’s special motion to strike, this Court found the language in La. C.C.F. art. 971(F)(1)(b) to be susceptible to different rational meanings and thus, ambiguous on its face. Yount, 14-919 at 8, 171 So.8d at 386. This Court carefully considered and analyzed the legislative history behind the article, Louisiana jurisprudence, and the text of the statute as whole, and found that’La. C.C.P. art. 971 requires that “the comments in question |7be in connection with a public issue under consideration by á legislative, executive, judicial or other authorized government body.” Id. at p. 14, 171 So.3d at 390. This Court further found that Mr. Yount’s divorce proceeding is “a private domestic matter, not a matter of public significance for purposes of applying the Louisiana anti-SLAPP protections.” Id. This Court found that Mr. Handshoe did not meet his bur den. of proving that his actions were in furtherance of his right of petition or freedom of speech in connection with a public issue. Thus, this Court reversed the trial court’s judgment, denied Mr. Handshoe’s special motion to strike, and awarded Mr. Yount reasonable attorney fees and costs, to be determined by the trial court on remand. Id.
Turning to the appeal presently before us, we must reach the same conclusion on Mr. Truitt’s special motion to strike as this Court reached on Mr. Handshoe’s special motion; to strike. This Court has found that Mr. Yount’s divorce proceeding is a private matter and that Mr. Handshoe’s actions pertaining to that private matter were, not protected by the anti-SLAPP provisions of La. C.C.P. art. 971. Thus, just like Mr. Handshoe, Mr. Truitt has not met his burden of proving that his actions were in furtherance of his right of petition or free speech in connection with a public issue, and La. C.C.P. art, 971 does not apply to protect him from the claims made against him by Mr. Yount.[1]
Accordingly, based on the applicable law and our prior opinion in this litigation, we find that-the trial judge erred by granting Mr. Truitt’s special motion' to strike and we must reverse that ruling.

J¿DECREE

For the foregoing reasons, we reverse the trial court judgment and deny Mr. Truitt’s special motion to strike. Further, pursuant to La. C.C.P. art. 971(B), we award reasonable attorney fees and costs to Mr. Yount, to be determined by the trial court on remand. We remand this matter to the trial court for further proceedings consistent with this opinion.

REVERSED ANI) REMANDED

. We note that Mr. Truitt cites California jurisprudence in support of his claim that the trial court correctly granted his special motion to strike. However, considering the ap* plicable Louisiana law and jurisprudence, we find that jurisprudence from another state is not persuasive for resolution of the matter before us.